NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000119
21-OCT-2011
08:34 AM

NO. CAAP-10-0000119

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
ORLANDO PECPEC, aka ORLANDO V. PECPEC,
Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CRIMINAL NO. 10-1-1598)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)


Defendant-Appellant Orlando Pecpec, also known as Orlando V. Pecpec, (Pecpec) appeals from the Judgment of Conviction and Sentence filed on September 3, 2010 in the Family Court of the First Circuit (family court).[1] A jury found Pecpec guilty of Violation of an Order for Protection, in violation of Hawaii Revised Statutes (HRS) § 586-11(a)(1)(A) (Supp. 2010).

On appeal, Pecpec contends

(1) the jury instructions were devoid of specific unanimity instructions and thus the verdict was not unanimous;

(2) the verdict was not supported by the evidence; and

---

[1] The Honorable Edward H. Kubo, Jr., presided.

(3) the family court illegally sentenced Pecpec under HRS § 586-11(a)(3) (Supp. 2010) as a repeat offender.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Pecpec's points of error as follows:

We need only address Pecpec's first point on appeal.[2] Pecpec is correct in his contention that the jury was not properly instructed to unanimously agree on an act constituting the offense. In this instance, there were two possible acts of prohibited conduct that Pecpec could have violated: contacting Andrea Demauro (Demauro) or being within a hundred feet of her. The family court read the following instruction as to the charged offense to the jury: "[O]n or about June 13, 2010 . . . [Pecpec] intentionally or knowingly engaged in certain conduct, namely contacting Andrea Demauro <u>and/or</u> coming within 100 feet from her[.]" (Emphasis added.)

> [W]hen separate and distinct culpable acts are subsumed within a single count . . . -- any one of which could support a conviction thereunder -- and the defendant is ultimately convicted by a jury of the charged offense, the defendant's constitutional right to a unanimous verdict is violated unless one or both of the following occurs: (1) at or before the close of its case-in-chief, the prosecution is required to elect the specific act upon which it is relying to establish the "conduct" element of the charged offense; or (2) the trial court gives the jury a specific unanimity instruction, i.e., an instruction that advises the jury that all twelve of its members must agree that the same underlying criminal act has been proved beyond a reasonable doubt.

---

[2] Pecpec incorrectly characterizes his second point on appeal as an argument that the verdict was not supported by the evidence. The issue is a minor clerical error on the bottom of the verdict form, which was improperly labeled "ABUSE OF FAMILY AND HOUSEHOLD MEMBERS." The jury instructions, charge, and evidence presented concerned the proper charge of Violation of an Order for Protection. Such an error is harmless.

2

State v. Arceo, 84 Hawai'i 1, 32-33, 928 P.2d 843, 874-75 (1996) (footnote omitted).

The State of Hawai'i (State) does not dispute that the "and/or" language of the jury instruction demonstrated that the State had not elected a specific act, as required by Arceo. Pecpec and the State also agree that the family court did not provide the jury with specific unanimity instructions apprising the jury that it must rely on the same act or conduct in finding Pecpec guilty of violating the protective order. Without an election by the State or an unanimity instruction as required under Arceo, it is unclear whether the jury relied on the same act or conduct in finding Pecpec guilty.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed on September 3, 2010 in the Family Court of the First Circuit is vacated and this case is remanded for a new trial.

DATED: Honolulu, Hawai'i, October 21, 2011.

On the briefs:

Stuart N. Fujioka
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge